UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| THOUNE KHOUNMY,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 09-4561 (SH)<br><br>MEMORANDUM DECISION<br>AND ORDER |

## I. PROCEEDINGS

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. § 400 et seq. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and defendant have filed their pleadings (Defendant's Answer; Plaintiff's Brief in Support of Complaint; Defendant's Brief in Support of Answer; Plaintiff's Reply to Defendant's Brief in Support of Answer), and defendant has filed the certified transcript of record. After reviewing the

matter, the Court concludes that the decision of the Commissioner should reversed and remanded.

## II. **DISCUSSION**

On November 21, 2005, plaintiff Thoune Khounmy filed an application for a period of disability and Disability Insurance Benefits. (Administrative Record ["AR"] 86-90). In addition, on November 30, 2005, he filed an application for Supplemental Security Income. (AR 82-85). In both applications he alleged an inability to work since February 10, 2003 due to pain in his stomach and back. (AR 82-90, 121-24). On December 28, 2007, an Administrative Law Judge ("ALJ") determined that plaintiff was not disabled within the meaning of the Social Security Act. (AR 9-21).

Following the Appeals Council's denial of plaintiff's request for a review of the ALJ's Decision (AR 1-4), plaintiff filed an action in this Court.

Plaintiff makes two challenges to the ALJ's Decision denying benefits. Plaintiff alleges that the ALJ erred by: (1) failing to provide legally sufficient reasons for rejecting the opinion of Dr. Yen Doan, plaintiff's treating physician, concerning plaintiff's residual functional capacity ("RFC"); and (2) failing to provide specific, clear, and convincing reasons for finding plaintiff's pain testimony not credible.

Each of these contentions will be addressed in turn.

**ISSUE NO. 1:**

Plaintiff asserts that the ALJ failed to provide clear and convincing reasons for rejecting the uncontradicted opinion of Dr. Yen Doan, plaintiff's treating physician, concerning plaintiff's RFC. Alternatively, plaintiff asserts that, even if Dr. Doan's opinion was contradicted, the ALJ failed to provide specific and legitimate reasons for rejecting it. In response, defendant argues that the opinion of Dr. Doan was contradicted and that the ALJ did provide specific and legitimate reasons for rejecting it.

Dr. Doan, who treated plaintiff from November 2004 through November 2007, diagnosed plaintiff with acute gastritis, uncontrolled diabetes mellitus, liver dysfunction, liver cirrhosis, status post tuberculosis, depression, and stress disorder. (AR 385-99, 457-63).[1] He also stated that plaintiff was a disabled person due to his medical and mental illness. (AR 385). Further, in a questionnaire dated November 17, 2007, he stated that plaintiff could stand/walk less than 2 hours per workday and occasionally lift/carry up to 10 pounds, but never lift over 50 pounds. (AR 460). He also stated that plaintiff would likely be absent from work about four days per month. (AR 461).

In his Decision, the ALJ found that plaintiff had the following severe impairments: history of diabetes mellitus; hypertension; liver disease; mild tension headaches; back pain; status post tuberculosis; and thrombocytopenia. (AR 15). The ALJ also found that plaintiff had the RFC to perform the full range of light work, such that he could lift 20 pounds occasionally and 10 pounds frequently, stand and walk, with normal breaks, for a total of 6 hours in an 8-hour workday, and sit, with normal breaks, for a total of 6 hours in an 8-hour workday. (Id.). In making this light RFC finding, the ALJ did not explicitly accept the medium RFC findings of Dr. Conception Enriquez, the consultative examiner, and Dr. Durrell Sharbaugh, the state agency medical consultant, but rather considered their findings with the record as a whole and viewed the evidence in a light most favorable to plaintiff.

Contrary to plaintiff's assertion, the ALJ provided specific and legitimate reasons for rejecting the contradicted opinion evidence of Dr. Doan. See Morgan v. Apfel, 169 F.3d 595, 596 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)("To reject the opinion of a treating physician which conflicts with that of an examining physician, the ALJ must

---

[1] Dr. Doan initially ruled out liver cirrhosis.

make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.").

The ALJ properly found that Dr. Doan did not adequately explain what accounted for plaintiff's severe limitations (see AR 16), as Dr. Doan's opinions were not supported by the objective evidence or his own treatment records (see 385-99, 443-56). See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Burkart v. Bowen, 856 F.2d 1335, 1339 (9th Cir. 1988)(holding that an ALJ properly rejected a treating physician's medical opinion that was unsupported by described medical findings, personal observations, or test results); 20 C.F.R. § 416.927(b)-(d)(noting that the weight given to a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record). After reviewing Dr. Doan's treatment records, the Court has also determined that they did not adequately explain what accounts for plaintiff's severe limitations.

Moreover, the ALJ properly found that Dr. Doan's findings were inconsistent with the findings of Dr. Enriquez (see AR 16), who conducted an internal medicine consultation on February 16, 2006 and found that plaintiff was capable of the full range of medium work, such that plaintiff could lift 50 pounds occasionally and 25 pounds frequently, stand and walk, with normal breaks, for a total of 6 hours in an 8-hour workday, and sit, with normal breaks, for a total of 6 hours in an 8-hour workday (AR 402-06). Dr. Enriquez's findings constituted substantial evidence in support of the ALJ's findings about plaintiff's RFC. See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007)("[W]hen an examining physician provides 'independent clinical findings that differ from the findings of the treating physician,' such findings are 'substantial evidence.'").

Further, the ALJ properly found that Dr. Doan's opinions were inconsistent with the findings of Dr. Sharbaugh (see AR 16), who also found that plaintiff was capable of the full range of medium work (AR 407-14). The state agency medical consultant's findings constituted substantial evidence in support of the ALJ's findings about plaintiff's RFC. See Thomas, supra ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."); Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996)("[T]he findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings."); 20 C.F.R. § 404.1513(c).

Finally, the ALJ found that Dr. Doan improperly credited plaintiff's subjective complaints, which the ALJ properly gave "little weight," as discussed below (see AR 17-19). See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008)("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible.").

**ISSUE NO. 2:**

Plaintiff asserts that the ALJ failed to provide clear and convincing reasons for rejecting plaintiff's testimony about his pain. In response, defendant argues that the ALJ provided sufficiently specific reasons for discrediting plaintiff's subjective complaints.

At the hearing on December 5, 2007, plaintiff testified about his background, work history, symptoms, pain, medications, medical treatments, and daily activities, including: pain in his back almost every day; an ability to sit for about 1 hour before having to get up; an ability to stand and walk for about 1 hour before having to sit down; frequent pain in his liver; and tiredness and numbness in his legs and feet. (See AR 22-48).

In his Decision, the ALJ noted the following inconsistencies: the fact that plaintiff testified that he had disabling pain (AR 29-39), yet testified he watches television, listens

to music, reads a little, goes to temple on Sundays, and drives (AR 35), stated in his Exertional Daily Activities Questionnaire dated April 24, 2006 that he was able to lift light weight for short distances around the house (AR 139), and stated in his Pain Questionnaire dated April 28, 2006 that rest and medications relieve most of his pain (AR 147); the fact that he testified that he could not read and write English (AR 26-27), yet previously stated in his Disability Report that he could read and speak English (AR 106), and had testified that he passed the United States citizenship test (AR 27), which requires a basic ability to communicate in, read, and write English; and the fact that he used an interpreter during the hearing (AR 24), yet did not use one during his consultative examination with Dr. Enriquez (AR 402-06). The ALJ also noted plaintiff was not clearly malingering. (AR 18).

Contrary to defendant's assertion, the ALJ did not provide clear and convincing reasons for rejecting plaintiff's testimony about the severity of his symptoms. See Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)(holding that when the record does not contain a contradiction of the subjective symptom testimony, and when the medical opinions of record do not indicate the presence of malingering, the burden of articulation rises to the level of clear and convincing).

Plaintiff's statements and conduct were not necessarily inconsistent. He could have been in disabling pain, yet still have performed the activities he mentioned and have found relief from rest and medication. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)(holding that the ability to perform various daily activities does not necessarily translate into the ability to perform these functions in a work setting on a consistent basis). Further, plaintiff's testimony that he could not read *and write* English is not inconsistent with his statement that he could read and speak English, his completion of the United States citizenship test, which requires a very minimal amount of writing, and his choice to use an interpreter at a formal legal proceeding. Thus, the ALJ's credibility determination improperly relies solely on the lack of objective medical evidence to

substantiate plaintiff's claims. See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004)(holding that an ALJ may not reject subjective complaints based solely on lack of objective medical evidence).

### III. ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with this decision, pursuant to Sentence 4 of 42 U.S.C. section 405(g).

DATED: June 21, 2010

                              STEPHEN J. HILLMAN
                  UNITED STATES MAGISTRATE JUDGE